IN THE DISTRICT COURT OF
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY L. HUNT, SR. | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No.: |
| | * |
| L.A. Recycling Services, LLC, | * |
| | *   JURY DEMAND |
| Defendant. | * |

## COMPLAINT

Plaintiff Timothy L. Hunt, Sr. (hereinafter "Plaintiff") files this Complaint against Defendant, L.A. Recycling Services, Inc., (hereinafter referred to as "Defendant") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (hereinafter the "FLSA").

## JURISDICTION & VENUE

1. Plaintiff brings this action pursuant to the provisions of 29 U.S.C. §216(b).

2. Plaintiff seeks to recover for hours worked and not paid, overtime pay, "on call" pay, lost per diem, plus an amount of liquidated damages, attorneys' fees and costs, as well as other legal, equitable and declaratory relief as he is entitled to under the FLSA.

3. Pursuant to 29 U.S.C. §216(b) Plaintiff Hunt submits in writing his consent to become a party Plaintiff. (Exhibit 1, Hunt Consent)

4. This Court has federal question jurisdiction over this action pursuant to the 28 U.S.C. § 1331 and the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq.*) (hereinafter "FLSA" or the "Act").

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

6. Defendant is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit. Defendant operated business in Mobile, Alabama, many of the events that give rise to this lawsuit occurred in the Southern District of Alabama and at all times relevant to this lawsuit Plaintiff resided in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8. At all times material to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

9. At all times relevant to this action, Defendant was an "employer" of Plaintiff as defined by §203(d) of the FLSA.

10. At all times material to this action, Plaintiff was an "employee" of Defendant as defined by §203(e)(1) of the FLSA.

11. Plaintiff worked for Defendant within the territory of the United States within the three years preceding the filing of this lawsuit.

12. The provisions set forth in §207 of the FLSA apply to Defendant, and the Plaintiff was covered by §207 of the FLSA during his employment with Defendant.

13. Defendant has intentionally failed and/or refused to pay Plaintiff according to the provisions of the FLSA.

14. Plaintiff was an hourly employee and not exempt as defined under the FLSA.

15. Defendant has been aware, or should have been aware, of the requirements of the FLSA and its corresponding regulations and its own violations of the FLSA.

16. Despite this knowledge, Defendant has failed to pay the Plaintiff the amount of pay required by the FLSA.

17. In addition to the amount of unpaid wages owed to the Plaintiff, the Plaintiff, is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

18. Defendant's actions in failing to compensate Plaintiff were in violation of the FLSA, and were willful.

## II.  PARTIES

19. Defendant is an entity organized under the laws of the State of Alabama and was at all relevant times doing business in the Southern District of Alabama.

20. At all times relevant to this action, Defendant operated as an enterprise engaged in commerce or production of goods for commerce as defined by 28 U.S.C. §203(s)(1) of the FLSA and had an annual gross volume of sales exceeding $500.000.00 per year.

21. Defendant, and its agents, made employment and compensation related decisions for the above-named Plaintiff and Plaintiff worked at and was employed, suffered and permitted to work, for Defendant as defined by 28 U.S.C. §203(g).

22  Plaintiff Tim hunt is an individual over the age of nineteen (19) years and was a resident of Baldwin County, Alabama at all times relevant to this lawsuit.

## PRELIMINARY STATEMENT

23. This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq. for equitable and declaratory relief and to remedy the violations of the wage and hour provisions of the FLSA by Defendant, which have deprived the Plaintiff of his lawful wages.

24. Defendant is a corporation engaged in interstate commerce and conducting business in this District and was an employer of the Plaintiff at all times relevant to this action.

25. More specifically, this Defendant, and its agents, made employment and

compensation related decisions for the above-named Plaintiff.

26. Therefore, pursuant to 29 U.S.C. § 203(d) of the FLSA, Defendant was an employer of the Plaintiff at all times relevant to this action.

27. This action is brought to recover unpaid compensation in the form of unpaid wages and overtime, owed to Plaintiff pursuant to the FLSA.

28. At all times relevant to this Complaint, Defendant has required Plaintiff to work over forty (40) hours a week without paying Plaintiff for every hour worked and without paying overtime compensation, and has required Plaintiff to work off the clock without pay and has had a uniform policy and practice of consistently requiring Plaintiff to work "on-call" and/or "off the clock", without pay and failed to pay Plaintiff a per diem as required.

## FACTUAL ALLEGATIONS

29. Defendant was at all relevant times to this lawsuit located at 15980 Greeno Road, Fairhope, AL 36532.

30. Defendant is in the business of recycling and processing scrap metal and offers a wide array of metal recycling needs including collection, truck sales, metal sortation and grading, metal processing and debris hauling.

31. Plaintiff began his employment on July 21, 2018, and was scheduled to work 40 hours a week and be paid $20.00 an hour.

32. During Plaintiff's tenure as an employee for Defendant, Defendant exercised

complete control over all aspects of Plaintiff's employment including, but not limited to, the time, place and manner of Plaintiffs work.

33. Plaintiff had no control over his schedule, Defendant controlled the schedule and told Plaintiff when to come to work and when to leave.

34. Plaintiff had no input in hiring or firing decisions, promotions, demotions, discipline or any policies of Defendant.

35. Plaintiff did not direct the work of any other employee, did not discipline employees, had no input in the discipline of employees, and had no decision-making authority.

36. Defendant did not utilize a time clock and did not provide Plaintiff with any means to record his hours and just told Plaintiff when to be at work and when he could leave until the last two-weeks of Plaintiff's employment when Defendant instructed Plaintiff to use a time clock because of the way his job was classified.

37. Documentation concerning the number of hours Plaintiff actually worked and the overtime owed to Plaintiff and the compensation actually paid to Plaintiff should be in the possession and custody of the Defendant.

38. Plaintiff often worked more than eight (8) hours a day without receiving time off for lunch.

39. Plaintiff did not determine how the work was to be done, offer input on

techniques used to run the business, determine the types of materials to be used, set prices for materials, and had no control over the supplies bought or sold.

40. For the entire time that Plaintiff worked for Defendant he routinely worked more than forty (40) hours a week.

41. Defendant never paid Plaintiff overtime but from July 21, 2018 through December 7, 2018, Defendant paid Plaintiff $800.00 a week regardless of the number of overtime hours Plaintiff worked.

42. Defendant deprived Plaintiff of the full amount of overtime hours that Plaintiff was owed in violation of the FLSA.

43. In October of 2018, Plaintiff was sent by Defendant to work in Marianna, Florida.

44. Plaintiff was relocated to Marianna, Florida, and was not paid for overtime, was not given a per-diem, was not given hotel expenses and was required to be on the site 24/7 and was not paid for time "on call".

45. From October 2018, to December 7, 2018, Plaintiff worked overtime hours and was not paid at an overtime rate, (2) was suffered to work "off the clock" and was suffered to work without overtime pay; was "on-call" and not paid for the time he was "on-call", did not receive a per diem and Plaintiff never received his last paycheck and was not paid for that time worked.

46. Plaintiff worked in excess of forty (40) hours per week and was not paid at an overtime rate in violation of the FLSA.

47. Plaintiff was also required to work "off the clock" without pay.

48. Plaintiff worked "after hours" and at night and was not paid for the time worked.

49. Plaintiff worked on weekends and was not paid for the time worked.

50. From October 15, 2018, to December 7, 2018, Plaintiff, was required to be "on call" for the entire week, twenty–four (24) hours a day, seven days in the week, and Plaintiff was not paid for time worked or for "on-call" time.

51. Plaintiff was told not to turn off his telephone at any time because he needed to be available for work at all times.

52. Plaintiff was required to stay on the work site to protect the investment and equipment of the Defendant.

53. Plaintiff was not paid for the time that he was "on-call" and was not paid a per diem.

54. Plaintiff did not receive overtime pay as required by Section 207(a) of the FLSA during weeks he worked more than 40 hours.

55. Plaintiff was paid in cash and via Pay Pal and only received one check in his employment that showed taxes were being deducted from his pay.

56. Plaintiff was not properly compensated for time worked in violation of the

provisions of the FLSA.

57. Plaintiff seeks unpaid overtime wages, unpaid wages, and unpaid on-call time and compensation, per diem costs, and an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

58. Plaintiff left the employment of Defendant in December of 2018.

59. Plaintiff tried to resolve this matter in good faith and Defendant willfully failed to follow the law as outlined in the FLSA.

60. Plaintiff complained to Defendant that he was not being paid overtime and other pay due to him in violation of the FLSA.

61. After Plaintiff made these complaints he was terminated/constructively discharged from his employment.

62. Defendant has not made a good faith effort to comply with the FLSA.

63. Plaintiff is also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

64. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for lost overtime and wages, back-pay, and a declaratory judgment is his only means of securing adequate relief.

65. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

66. Defendant, and its agents failed to keep accurate time records pursuant to 29 U.S.C. § 211 (c) of the FLSA.

67. Defendant retaliated against Plaintiff and terminated/constructively discharged Plaintiff after he complained of overtime violations.

## FIRST CAUSE OF ACTION

68. Defendant failed to pay overtime to Plaintiff, failed to pay Plaintiff for "on call" time, failed to pay a per diem to Plaintiff and otherwise engaged in conduct that constitutes a willful violation of the FLSA.

69. The Defendant's violations of the FLSA entitles Plaintiff to receive pay for all overtime pay he was entitled to receive but did not receive, all hours worked for which he was not compensated for, and all "on-call" time he was not compensated for and which he was "on-call", and all amounts Defendant failed to pay as a per diem plus liquidated damages, interest, costs and attorney fees.

70. At all times material hereto, Defendant failed to maintain proper time records as mandated by the FLSA.

71. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by Defendant's failure to compensate Plaintiff according to FLSA regulations, failure to pay overtime, failure to pay "on call" time and a per diem which Defendant knew, or should have

known, was owed and due to be paid.

WHEREFORE, Plaintiff seeks reinstatement with and all damages enumerated above and prays this Honorable Court enter a judgment against the Defendant for compensatory damages, statutory liquidated damages, equitable relief, attorneys' fees, costs, interest, and all costs and expenses of Court and litigation expended on his behalf in pursuit of these claims.  Plaintiff requests all other relief that may be available to him as a matter of law and equity and all relief that this Court and/or a jury may award.

### SECOND CAUSE OF ACTION

72. The Plaintiff incorporates by reference all previous paragraphs and allegations as set forth herein related to Defendant's willful violations of the FLSA.

73. Pursuant to 28 U.S.C. § 2201, et. seq., the Plaintiff hereby requests a declaration that he was a non-exempt employee of the Defendant who was entitled to receive overtime compensation pursuant to the FLSA and compensation for all hours worked but not paid including "on-call" time.

WHEREFORE, Plaintiff seeks reinstatement and prays this Honorable Court enter a judgment against Defendant for compensatory damages, statutory liquidated damages, prejudgment interest, equitable relief, attorneys' fees, and all costs and expenses of Court and litigation expended on his behalf in pursuit of these claims.

The Plaintiff requests all other relief that may be available to him as a matter of law and equity.  The Plaintiff requests all other relief that may be available to him as a matter of law and equity and all relief that this Court and/or a jury may award.

### THIRD CAUSE OF ACTION

74. The Plaintiff was retaliated against and terminated/constructively discharged after complaining about the FLSA discrimination.

WHEREFORE, Plaintiff seeks reinstatement and prays this Honorable Court enter a judgment against Defendant for compensatory damages, statutory liquidated damages, prejudgment interest, equitable relief, attorneys' fees, and all costs and expenses of Court and litigation expended on his behalf in pursuit of these claims. The Plaintiff requests all other relief that may be available to him as a matter of law and equity.  The Plaintiff requests all other relief that may be available to him as a matter of law and equity and all relief that this Court and/or a jury may award.

### CONSENT

The Plaintiff's consent to file this Complaint is evidence by his signature on the FLSA Consent Form that is attached hereto as Exhibit "A".

### JURY DEMAND

Plaintiff seeks a jury on all matters so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, pursuant to §216(b) of the FLSA and all other applicable provisions of the FLSA, pray for the following relief:

1. That he be reinstated to his former position with all due back pay, benefits and any other relief he may be entitled to in law or equity;

2. An order awarding damages in the amount of his respective unpaid compensation, lost wages, including overtime, and "on-call" time, per diem and all wages lost plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest and all other interest to which Plaintiff may be entitled;

3. An order awarding reasonable attorneys' fees, including the costs and expenses of this action;

4. Such other legal and equitable relief including, but not limited to, any declaratory relief to which he may be entitled;

5. Plaintiffs further demand a jury to try the issues when joined.

Respectfully submitted this the 4th day of September, 2020.

                                          s/DANIEL A. HANNAN
                                          (HANND4492)
                                          DANIEL A. HANNAN, LLC
                                          Attorney for Plaintiff

**THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

DANIEL A. HANNAN, LLC
P.O. Box 1286
Mobile, AL. 36633
Work:     251-289-1326
Cell:      251-654-1360
Fax:      251-252-1331
Email:  hannanlaw@gmail.com


**DEFENDANT MAY BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

LA Recycling Services, LLC
Registered Agent:   USCA, Inc.
100 Oxmoore Road Suite 110
Birmingham, AL 35209

                                      s/DANIEL A. HANNAN
                                      (HANND4492)
                                      DANIEL A. HANNAN, LLC
                                      Attorney for Plaintiff